# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| DONNA M. HAWKINS, |
|     Plaintiff, |
| v. |
| SHAUN DONOVAN, Secretary of Housing and Urban Development, |
|     Defendant. |

Civil Action No. 09-1788 (CKK)

# MEMORANDUM OPINION
(July 22, 2010)

Plaintiff Donna M. Hawkins, an employee of the Office of Inspector General ("OIG") within the U.S. Department of Housing and Urban Development ("HUD"), brings this case against Defendant Shaun Donovan, in his official capacity as Secretary of HUD. Plaintiff alleges that she was unlawfully retaliated against by Defendant for her participation in protected EEO activity and for her opposition to HUD's unlawful employment practices. Currently pending before the Court are Defendant's [9] Motion to Dismiss or, in the Alternative, for Summary Judgment and Plaintiff's [13] Motion for Continuance to Conduct Discovery pursuant to Federal Rule of Civil Procedure 56(f). Upon a searching review of the parties' submissions, applicable case law, statutory authority, and the entire record of the case herein, the Court shall GRANT Plaintiff's Motion for Continuance to Conduct Discovery pursuant to Rule 56(f) and DENY WITHOUT PREJUDICE Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, for the following reasons.

## LEGAL STANDARD AND DISCUSSION

It is well established that when, on a Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). In the present case, Defendant has submitted and relied extensively upon several affidavits and exhibits in support of his arguments in favor of dismissal. In so doing, he has failed to identify or otherwise indicate which of these arguments, if any, he purports nonetheless may be resolved solely on the basis of the pleadings without the need to rely on matters outside the Complaint. From the Court's own review of the motion, it appears that each of Defendant's arguments in favor of dismissal is largely, if not entirely, predicated upon the Court's acceptance of facts set forth in Defendant's attached exhibits and affidavits. As resolution of Defendant's motion therefore depends upon factual matters outside the pleadings, the Court must treat the motion as one for summary judgment pursuant to Rule 56. Consequently, the only question now before the Court is whether Defendant is entitled to summary judgment on the present record prior to the commencement of discovery.

As the D.C. Circuit has consistently cautioned, summary judgment "ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" *Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (quoting *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988)). Pursuant to Federal Rule of Civil Procedure 56(f), a court "may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that time[], it cannot present by affidavit facts needed to defeat the motion." *Strang v. United States Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989); *Londrigan v. Fed. Bureau of*

*Investigation*, 670 F.2d 1164, 1175 (D.C. Cir. 1981). In particular, the D.C. Circuit has cautioned that Title VII cases ordinarily cannot be resolved based on an administrative record and that plaintiffs are therefore generally entitled to take discovery that might reveal, for example, motivations that "lie at the heart of [] discrimination claims." *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1045-46 (D.C. Cir. 2008).

In the present case, Defendant's Motion for Summary Judgment was filed prior to discovery in this litigation, and Plaintiff has identified potential discovery that is needed to oppose Defendant's Motion, including (but not limited to) discovery relating to: Defendant's decision to cancel the competition for the Assistant Division Director position in October of 2008 and to select Mr. Michael Beard for lateral reassignment into that position; the decision-makers' knowledge of Plaintiff's interest in and application for the Assistant Division Director position; HUD OIG's implementation of the hiring freeze at issue; and raw budget, personnel allocation, and staffing data. *See* Pl.'s Mot. for Con't, Ex. 1 ¶¶ 59-60 (Affidavit of Robert C. Seldon). The Court finds that Plaintiff's Motion for a Continuance and the attached affidavits — in particular, the attached Rule 56(f) affidavit by Plaintiff's Counsel, Robert C. Seldon — sufficiently demonstrate that Plaintiff is entitled to take discovery and should not be forced to litigate the merits of her claim based solely on the documentation that is currently available. *See Chappell-Johnson v. Powell*, 440 F.3d 484, 489 (D.C. Cir. 2006) (finding that the plaintiff was entitled to take discovery where her counsel's Rule 56(f) affidavit identified evidence that might raise an inference of discrimination). Accordingly, the Court shall grant Plaintiff's Motion for a Continuance to Conduct Discovery pursuant to Rule 56(f) and deny without prejudice Defendant's Motion for Summary Judgment.

**CONCLUSION**

For the reasons above, the Court treats Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, as a motion for summary judgment pursuant to Rule 56 only.  With that understanding in mind, the Court shall DENY WITHOUT PREJUDICE Defendant's [9] Motion for Summary Judgment and shall GRANT Plaintiff's [13] Motion for Continuance to Conduct Discovery pursuant to Rule 56(f).  An appropriate Order accompanies this Memorandum Opinion.

Date:   July 22, 2010

　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　**COLLEEN KOLLAR-KOTELLY**
　　　　　　　　　　　　　　　　　　　　United States District Judge